No. 11,060.

BOHMANN *v.* INDUSTRIAL COMMISSION, ET AL.

Decided February 2, 1925.   Rehearing denied March 2, 1925.

Proceeding under the workmen's compensation act. Judgment for defendants.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Industrial Commission—Fact Findings.* Findings of fact of the industrial commission based on conflicting evidence and which are approved by the district court, will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOHN D. MILLIKEN, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. J. P. O'CONNELL, Assistant, Messrs. HUGHES & DORSEY, Mr. ARNOLD A. ODLUM, for defendants in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as "plaintiff"; defendant in error, the Industrial Commission of Colorado, as "the commission"; defendant in error, J. M.

Simpson Woodworking Company, as "the employer"; and defendant in error, the Employers' Liability Assurance Corporation, Ltd., as "the insurer."

Plaintiff, alleging he was permanently injured in the service of the employer, and that said injury was one arising out of and in the course of his employment, filed his claim with the commission. Hearing was duly had and the claim disallowed. The cause was then taken to the district court which entered its judgment affirming the action of the commission. That judgment is now here for review.

That plaintiff was permanently injured, that during the alleged employment both plaintiff and the employer were governed by the act in question, and that the insurer is liable if plaintiff is entitled to recover herein, are all undisputed.

The only material questions are: (a) Did plaintiff file his claim in time? (b) Was there evidence to support the finding of the commission?

"No claim to recover compensation under this act shall be maintained unless notice in writing * * * making claim for compensation with respect to the injury * * * shall be served upon the commission, * * *. Such notice or claim must be filed within one year from the date of the accident * * * or the right to compensation therefor shall be wholly barred; * * *." Sec. 4458, C. L. 1921.

Plaintiff first filed his notice and claim August 11, 1923, and, on conflicting evidence, the commission found: "That the claimant did sustain injuries by reason of an accident occurring prior to August 10, 1922, probably during the month of June, 1922. That the claimant filed his claim for compensation herein August 11, 1923, * * *. That the claim of said claimant was barred by reason of the statute of limitations."

There was a conflict in the evidence as to whether the injury which caused the disability in question arose out of and in the course of the alleged employment. On that

question the commission found: "The claimant was injured prior to August 11, 1922, in an accident not arising out of and in the course of his employment; that if the claimant sustained any injury on August 15, 1922, he has sustained no disability by reason of that injury * * *. Claimant has failed to prove that he sustained an accident on August 15, 1922, and that he has sustained any permanent disability by reason of such accident."

The district court held the question one of fact to be determined from conflicting evidence. That conflict can be most clearly set forth by quoting from the learned trial judge:

"I have read the entire testimony * * *. The only objection made is that the evidence is not sufficient to sustain the findings. Of course the Legislature has created a tribunal for the determination of facts in cases of this sort, and that tribunal is not the court, but is the Industrial Commission.

Let us see whether there is enough evidence to justify the finding of the Industrial Commission. Bohmann, the claimant, told his employer that the accident occurred in June, 1922. He told the claim agent that it was in May or June, 1922. * * *. Later he testified that it was about August 14, 1922. * * *. He testified that his wife went to Pine Grove on the last Sunday in July, and was there fourteen days exactly. The last Sunday was July 29. His wife, therefore, returned August 12. He testified that he was injured three to five days before he stopped work, and that he stopped work the day his wife returned. That would make the day of the accident between August 7 and August 9, * * *. Later he said that the date of the accident was August 15, and that his wife was at Pine Grove for three weeks. * * *. He testified that he wrote to his wife and told her of the accident, and that she came home; whereas his wife testified that the first she heard of the accident was August 19, when he was at Pine Grove, at which time he told her about it. * * *. The claimant's own sister-in-law testified that a while before the claimant

went to Pine Grove he worked on her automobile, and injured himself by straining his back. Certainly, in the light of that testimony * * * the court would not be justified in saying that there was such a total lack of evidence to sustain the findings of the Industrial Commission as would justify the court in supplanting the findings of the commission by findings of the court. * * *. It is impossible for me to say that the Commission did not have sufficient before it to enable it to find either one way or the other without interference on the part of the court. Therefore, I find the issues in this case in favor of the defendants."

We also have examined the entire record and reached the same conclusion. The finality of the decision of the commission under such circumstances has been before us so often that citation is superfluous. The questions were solely for the commission and the courts are powerless to disturb its findings.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.